# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ZEFERINO ELIZONDO,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:11-cv-01735-APG-CWH

**AMENDED ORDER**

    Before the court are the first amended petition for writ of habeas corpus (#18) and two fully briefed motions: respondents' motion to dismiss (#27), and petitioner's motion for leave to amend his first amended petition (#40). The court grants respondents' motion to dismiss (#27) because the first amended petition is untimely and, in the alternative, the sole ground for relief is unexhausted. The court denies petitioner's motion for leave to amend (#40); amendment would be futile because the grounds that petitioner seeks to add also would be untimely.

### Procedural History

    After a jury trial in state district court, petitioner was convicted of one count of attempted murder with the use of a deadly weapon and two counts of discharging a firearm at or into a structure. Petitioner had retained counsel, James Buchanan. At the end of the sentencing hearing, Buchanan asked the court to allow him to withdraw and then to appoint the public defender for the appeal. He explained that petitioner's mother did not have the money to pay for an appeal. The court denied the request because the law requires the trial attorney also to handle the appeal under

the fast-track procedures. Ex. 23, at 12-14 (#19). The state district court entered its judgment of conviction on January 24, 2003. Ex. 24 (#19). Buchanan did not file a notice of appeal.

On March 11, 2003, petitioner filed in state district court his first proper-person post-conviction petition for a writ of habeas corpus, raising a claim of ineffective assistance of counsel. Ex. 26 (#20). The district attorney filed a response, arguing that the claim was without merit. Ex. 28 (#20). The matter came to a hearing on May 6, 2003. The judge stated that the petition would be denied pursuant to a court rule because petitioner was represented by counsel and could not file proper-person motions. Ex. 29 (#20). Buchanan was present at the hearing. He stated, incorrectly, that a notice of appeal from the judgment had been filed, and that he would be preparing a fast-track statement on the appeal. Id. The order denying the petition, filed on May 29, 2003, prepared by the district attorney, was a ruling on the merits of the claim and did not mention that the petition was filed improperly because petitioner was represented by counsel. Ex. 30 (#20). Petitioner filed a proper-person notice of appeal. Ex. 32 (#20). Buchanan filed in that Nevada Supreme Court case a request for a rough draft transcript and a motion for an enlargement of time to file the fast-track statement and appendix. Ex. 36, Ex. 38 (#20). On September 20, 2004, The Nevada Supreme Court reversed and remanded. Ex. 46 (#20). It held that there was a conflict of interest because Buchanan was forced to argue his own ineffectiveness. It remanded to the state district court either for appointment of new counsel or for discharge of Buchanan to allow petitioner to proceed pro se. Id. at 2-3 (#20). On remand, the state district judge stated that the Nevada Supreme Court's ruling was due to a mistake in the district court's minutes. Ex. 64, at 2 (#21). On February 1, 2005, the state district court entered an amended order nunc pro tunc, denying the first state habeas corpus petition because petitioner was represented by counsel and could not file proper-person motions. Ex. 66 (#21). Petitioner did not appeal from that order.

On September 15, 2004, while the first state habeas corpus petition was on appeal, petitioner filed a proper-person notice of appeal from the judgment of conviction. Ex. 43 (#20). On November 15, 2004, the Nevada Supreme Court dismissed the appeal because it was untimely. Ex. 54 (#51).

Also on September 15, 2004, while the first state habeas corpus petition was on appeal, petitioner filed his second proper-person state habeas corpus petition. Ex. 42 (#20). Along with two other grounds,[1] petitioner argued that he was deprived of a direct appeal due to ineffective assistance of counsel. Id. at 12-15 (#20). On December 2, 2004, the state district court discharged Buchanan from representing petitioner. Ex. 55, at 2-3 (#21). On December 7, 2004, the district attorney filed a supplemental response to the second petition,[2] conceding that petitioner was deprived of a direct appeal due to ineffective assistance of counsel. In an order entered on February 7, 2005, the state district court noted that it had granted petitioner relief on his appeal-deprivation claim, appointed the Clark County Public Defender to represent petitioner in raising direct-appeal claims, directed counsel to file a brief raising direct-appeal grounds pursuant to Lozada v. State, 871 P.2d 944 (Nev. 1994), and denied the second state habeas corpus petition.[3] Ex. 70 (#21). Petitioner did not appeal the denial. The Clark County Public Defender declined representation of petitioner because that office does not represent people in post-conviction proceedings. Ex. 68 (#21).

John Parris was appointed to represent petitioner in the second state habeas corpus petition. Petitioner filed his Lozada brief, raising grounds that he could have raised on direct appeal, on July 5, 2006. Ex. 75 (#21). The district attorney filed an answering brief on July 31, 2006. Ex. 76 (#22). Petitioner filed a reply brief on September 19, 2006. Ex. 77 (#22). The state district court held a hearing on October 3, 2006, in which it denied relief. Ex. 78 (#22). The written order was

---

[1] The other two grounds alleged cause and prejudice to excuse the successive-petition bar and argued that the dismissal of the first state habeas corpus petition was an abuse of discretion.

[2] The district attorney originally filed a motion to dismiss the second petition because it was untimely and successive. Ex. 50 (#20). The district attorney later abandoned those arguments. Ex. 67, at 3-4.

[3] Noting that relief had been granted, and then denying the same petition seems to be inconsistent. Perhaps the state district court was denying relief on the other two grounds of the second state habeas corpus petition. Perhaps the state district court construed the briefing pursuant to Lozada as a separate proceeding and thus closed out the second state habeas corpus petition after granting relief. For the purposes of tolling pursuant to 28 U.S.C. § 2244(d)(2), it does not matter whether in state court the Lozada brief was considered a separate proceeding. All that matters is that petitioner had properly-filed post-conviction proceedings pending in state court during this time.

1  entered on December 15, 2006. Ex. 79 (#22). The notice of entry of that order was filed on
2  December 19, 2006. Ex. 80 (#22). Petitioner did not timely appeal this denial.
3        On March 11, 2008, petitioner filed a proper-person motion for clarification and correction
4  of judicial record, alleging that Parris failed to file a timely notice of appeal from the denial of the
5  second state habeas corpus petition. Ex. 81, at 2 (#22). The district attorney filed an opposition on
6  March 21, 2008. Ex. 83 (#22). The state district court denied the motion on April 1, 2008. Ex. 85
7  (#22).
8        Petitioner's next filing in state district court was a request to file a belated notice of appeal,
9  on May 16, 2011. Ex. 86 (#22). The state district court treated that as a notice of appeal. On July
10  8, 2011, the Nevada Supreme Court dismissed the appeal because it was untimely. Ex. 88 (#22).
11        Petitioner mailed his original federal habeas corpus petition to this court on October 21,
12  2011. The court appointed counsel, who filed the first amended petition (#18) on October 26, 2012.

### Respondents' Motion to Dismiss (#27)

14        Congress has limited the time in which a person can petition for a writ of habeas corpus
15  pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

23  28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after
24  entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler,
25  132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b). Any time spent pursuing a properly
26  filed application for state post-conviction review or other collateral review does not count toward
27  this one-year limitation period. 28 U.S.C. § 2244(d)(2). Section 2244(d) is subject to equitable
28  tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable

-4-

tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

By operation of the statute of limitation, this action is untimely. The judgment of conviction, entered on January 24, 2003, became final at the end of February 24, 2003, taking into account that the thirty-day appeal period otherwise would have ended on a Sunday. Fifteen days later, on March 11, 2003, petitioner filed his first state habeas corpus petition. The period of limitation was then tolled pursuant to 28 U.S.C. § 2244(d)(2) through January 18, 2007, when the time to appeal the denial of his second state habeas corpus petition expired. The court calculates that the period of limitation expired at the end of January 3, 2008. Petitioner effectively commenced this action on October 21, 2011, 1,737 days after expiration of time to appeal. A total of 1,752 non-tolled days have passed, exceeding the one-year period of limitation.

Petitioner presents three arguments for extraordinary circumstances to justify equitable tolling, but the court is not persuaded by any of them. The court will discuss them out of the order in which petitioner presented them. First, petitioner argues that James Buchanan, his trial counsel, failed to file a direct appeal, then misrepresented to the state district court that he had filed a direct appeal, and then represented petitioner in the state habeas corpus proceedings despite the conflict of interest inherent in being forced to argue that he provided ineffective assistance. However, Buchanan was removed from his representation of petitioner on December 2, 2004. The district attorney conceded on December 7, 2004, that the lack of a direct appeal was due to Buchanan's ineffective assistance. All the problems with Buchanan representing petitioner in state habeas corpus proceedings ended on that date. Petitioner, represented by Parris, litigated the direct-appeal issues in 2006. Petitioner has not explained how Buchanan's actions, inaction, or representation, ending in December 2004, kept him from filing a federal habeas corpus petition until October 2011.

Second (third in petitioner's opposition), petitioner argues that during the state post-conviction proceedings, the state district court waived petitioner's presence at all hearings, kept Buchanan on the case long after he should have been discharged, ruled incorrectly on the first state

habeas corpus petition, and did not give Parris correct information about appealing from the denial of the Lozada brief. Petitioner also argues that the Nevada Supreme Court did not correct any of these errors. Petitioner's arguments regarding the state district court and Buchanan are unpersuasive because Buchanan's involvement with the case ended years before the conclusion of the state post-conviction proceedings, and there is no explanation how that involvement kept petitioner from filing a federal habeas corpus petition until October 2011. The second denial of the first state habeas corpus petition, for the reason that petitioner could not file a proper-person petition when Buchanan was representing him, see Ex. 66 (#21), is confusing because the Nevada Supreme Court had held that Buchanan could not represent petitioner when petitioner was claiming that Buchanan provided ineffective assistance. Petitioner faults the Nevada Supreme Court for not correcting this error, but petitioner does not explain just what the Nevada Supreme Court should have done. The Nevada Supreme Court, like all other appellate courts, does not intervene sua sponte in proceedings in the district court. Petitioner did not appeal the order or otherwise bring the problem to the attention of the Nevada Supreme Court. Likewise, the order granting petitioner relief pursuant to Lozada, allowing him to raise direct-appeal issues, but denying the second state habeas corpus petition, see Ex. 70 (#21), needed to be appealed to the Nevada Supreme Court if petitioner thought that it was erroneous. Furthermore, these events occurred well before the final conclusion of the state post-conviction proceedings, and petitioner has not explained how these events prevented him from filing a timely federal habeas corpus petition until October 2011.

Third (second in petitioner's opposition), petitioner faults Parris for not filing a notice of appeal from the denial of the Lozada petition. This argument ties in with petitioner's argument that the district court did not give Parris correct information. The confusion between Parris and the state district court over whether the denial of the Lozada petition was itself appealable might have been persuasive under different circumstances. In a hearing on October 3, 2006, the state district court denied relief on the Lozada petition. Parris then asked if he could appeal. The judge stated that she did not know the answer, and she suggested that Parris read the Lozada opinion. Parris stated that he would file a notice of appeal. Ex. 78, at 3 (#22). Parris did not file a notice of appeal. Petitioner notes correctly that there should have been no confusion because Lozada states explicitly that a

district court's denial of relief is appealable to the Nevada Supreme Court. See Lozada, 871 P.2d at 950. This omission might be egregious enough to be an extraordinary circumstance. See Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800, 801 (9th Cir. 2003).

However, petitioner has not shown the diligence necessary to warrant equitable tolling. Petitioner points to his motion for clarification, filed in state district court on March 11, 2008, to show that he did not know whether Parris had filed an appeal. The motion for clarification does not clearly show what petitioner's knowledge was. First, petitioner wrote:

> Further, to this date, appellant does not know as to the status of his appeal, nor whether appointed counsel has protected his constitutional rights to appeal, as counsel has failed numerous times to respond to appellant's legal correspondents [sic], to accept his collect calls from the prison . . . .

Ex. 81, at 2 (#22). However, in the next paragraph, petitioner wrote:

> Appellant asserts that his appointed counsel, John P. Parris has committed clear error and has failed to protect appellant's constitutional rights to appeal by failing to submit to this court a timely Notice of Appeal from the Court's December 16, 2006, Order denying the Lozada Appeal.

Id. Then, petitioner wrote:

> In fact, Mr. Parris has completely failed to protect the Appellant's rights, as he advised the Court he would do on October 3, 2006, See, Exhibit #1, and thus abandon the appellant all together; See, Exhibit 2, pp 1-4.

Id. at 3. It is difficult to reconcile the first statement with the second and third statements. The second and third statements indicate that petitioner knew by March 11, 2008, that Parris had not filed a notice of appeal. Furthermore, on March 21, 2008, the district attorney filed and served upon petitioner himself its opposition to the motion for clarification. The district attorney argued that petitioner could not file a proper-person motion because Parris represented him. Ex. 83 (#22). More relevant to the issue before this court, the district attorney also gave the procedural history of the case; the history shows nothing between the denial of the Lozada petition and the filing of the motion for clarification. Id. at 2-3 (#22). At least, petitioner would have been on notice that something was missing between the denial of the second petition and the filing of the motion, if he did not come to the conclusion that there was no appeal to the Nevada Supreme Court. The state

1  district court denied his motion on April 1, 2008. Ex. 85 (#22). Petitioner's last communication
2  with the state district court was a letter dated May 21, 2008, asking for a copy of the court minutes.
3  Ex. 104 (#39). Then, for almost three years, petitioner made no inquiries or otherwise
4  communicated with the state courts, until he filed his request to file a belated notice of appeal on
5  May 16, 2011. See Ex. 86 (#22). Petitioner was not being diligent by waiting three years before
6  asking to file a belated notice of appeal. Consequently, the court finds that equitable tolling is not
7  warranted.
8        Petitioner also argues that because of a state-created impediment, the period of limitation did
9  not start to run until he commenced this action, pursuant to 28 U.S.C. § 2244(d)(1)(B). The court
10 disagrees. Section 2244(d)(1)(B) applies only if petitioner was unable to present any claims in any
11 court. Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009). After the judgment of conviction
12 became final on February 24, 2003, petitioner filed and litigated two or three habeas corpus petitions
13 in state court (depending upon how one counts them), including an untimely appeal that he filed five
14 months before commencing this action. The state-court litigation shows that there was no state-
15 created impediment that would qualify under § 2244(d)(1)(B).
16       Petitioner also complains that a state-created impediment existed because the state courts
17 mishandled his petitions, and thus there is no recognizable date of termination of the post-
18 conviction proceedings. This argument is better placed in the context of § 2244(d)(2), that the state
19 habeas corpus proceedings are still open and that statutory tolling never ended. Regardless, the fact
20 remains that the state district court did enter final orders for all of the state habeas corpus petitions.
21 If petitioner thought that the orders were incorrect, then he needed to appeal them. Given that
22 petitioner did not appeal them, the orders remain final, and the state habeas corpus proceedings
23 terminated upon expiration of the time to appeal the last entered order.
24       In the alternative, respondents also argue that the first amended petition (#18) is
25 unexhausted. Before a federal court may consider a petition for a writ of habeas corpus, the
26 petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a
27 ground for relief, a petitioner must fairly present that ground to the state's highest court, describing
28 the operative facts and legal theory, and give that court the opportunity to address and resolve the

ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

The sole ground for relief in the first amended petition (#18) is a claim that a jury instruction relieved the state of its burden to prove each element of the offense. Petitioner raised this claim in state district court through his Lozada brief. However, petitioner's appeal from the denial of the state habeas corpus petition was untimely, and the Nevada Supreme Court dismissed it for lack of jurisdiction. Ex. 88 (#22). An untimely appeal is not a procedure by which the Nevada Supreme Court was likely to address the merits, and thus, as an alternative holding, the sole ground in the first amended petition is unexhausted. Castille v. Peoples, 489 U.S. 346, 351 (1989).

The court is not persuaded by petitioner's argument that there is no longer any effective state remedy. See 28 U.S.C. § 2254(b)(1)(B)(ii). Petitioner still may pursue another state habeas corpus petition. The petition would be subject to bars for timeliness and successiveness, but those bars allow the petition to proceed if petitioner can show good cause and prejudice. See Nev. Rev. Stat. §§ 34.726, 34.810. This court will not speculate how the state courts would rule on petitioner's attempt to show good cause and prejudice.

### Petitioner's Motion for Leave to Amend (#40)

Petitioner asks for leave to file a second amended petition to restore grounds that he alleged in his original petition (#5) but that counsel omitted in the first amended petition (#18). The court has found that the commencement of the action itself on October 21, 2011, is untimely and that equitable tolling is not warranted. The grounds that petitioner proposes to restore are just as untimely as the sole ground of the first amended petition (#18). The court's findings on equitable tolling and § 2244(d)(1)(B) apply equally to the proposed grounds. Under these circumstances, amendment of the first amended petition is futile.

### Conclusion

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Construing the facts most favorably to petitioner, almost three years passed in which he did nothing before attempting to appeal the denial of his state habeas corpus petition and then commencing this action. Reasonable jurists would not find debatable or wrong this court's conclusion that that gap of time showed that petitioner was not being diligent, and thus that equitable tolling is unwarranted. Consequently, the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion for leave to amend first amended petition (#40) is **DENIED**.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#27) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: March 20, 2014.

_____
ANDREW P. GORDON
United States District Judge